**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN F. BRENNAN ET AL., | No. 13-72437 |
| Petitioners - Appellants, | Tax Ct. No. 25117-08 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted October 21, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge, and REINHARDT and McKEOWN, Circuit
Judges.

Taxpayers Stephen F. Brennan and Beth A. Brennan appeal the Tax Court's

denial of their motion to vacate the Tax Court's decision that they had tax

deficiencies in income tax and penalties for tax years 2003 and 2004.  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

## I

The Tax Court properly concluded that the Brennans were required to include items of partnership income from Cutler & Company, LLC, a limited liability company, for tax years 2003 and 2004. Cutler had elected to file tax returns as a partnership. Therefore, federal partnership tax law determines the tax consequences of Brennan's 2002 departure from Cutler. Rev. Rul. 77-332, 1977-2 C.B. 484; Treas. Reg. § 301.7701–3(a).

Brennan agreed in October 2002 to relinquish his interest in Cutler and withdraw from the company. He received in return rights to about 45 percent of the proceeds of an account sale arranged as part of his withdrawal. Cutler received those proceeds in 2003 and 2004.

Cutler filed tax returns showing Brennan as a partner, indicating that he had earned about $571,000 in long-term capital gains in 2003 and $426,000 in 2004. The Brennans did not report receiving the capital gains during those years.

Section 736 of the Tax Code governs the tax treatment of payments "made in liquidation of the interest of a retiring partner," I.R.C. § 736(a), which are payments that "terminat[e] . . . a partner's entire interest in a partnership by means of a . . . series of distributions, to the partner by the partnership." I.R.C. § 761(d).

These payments are taxed "as a distributive share to the recipient," I.R.C.

§ 736(a)(1), until "the final distribution has been made," Treas. Reg. § 1.761–1(d).

Therefore, the Tax Court properly concluded that, for federal tax purposes,

Brennan remained a Cutler partner during 2003 and 2004 because the final

distribution had not been made. Treas. Reg. § 1.761–1(d). Therefore, he owed

taxes on his distributive share of the sale proceeds. *Cf. United States v. Basye*, 410

U.S. 441, 453 (1973); Treas. Reg. § 1.702–1(a).

## II

The Tax Court did not abuse its discretion when the court rejected in a post-

trial proceeding the Brennans' estimate of their tax liability. Following its decision

as to Brennan's partnership status for tax purposes, the Court entered its decision

under Tax Court Rule 155, which allows the Court to ask the parties to estimate the

tax consequences of the Court's decision. Tax Ct. Rule 155. Brennan urged the

Court to adjust the amount to take into consideration Cutler's losses for the

relevant tax years. However, he did not raise this argument at any time prior to the

Rule 155 submissions.

Rule 155 limits the arguments that parties can make about the consequences

of the Tax Court's decision, providing that "no argument will be heard upon or

consideration given to . . . any new issues." Tax Ct. Rule 155(c). We have read

3

that prohibition to bar "the resolution of . . . matter[s]" that would "require[] the tax court to consider new evidence not presented at the original proceeding." *Paccar, Inc. v. Comm'r*, 849 F.2d 393, 399-400 (9th Cir. 1988).

Because the Brennans' submitted calculation was based on an issue that had not been presented previously, and which relied on additional evidence that had not been submitted at trial, the Tax Court did not abuse its discretion in refusing to consider it under the terms of Tax Court Rule 155(c).

**AFFIRMED.**